Slip Op. 24-4

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE MOSAIC COMPANY, | |
|     Plaintiff, | |
| PHOSAGRO PJSC, JSC APATIT, | |
|     Consolidated Plaintiffs, | |
| INDUSTRIAL GROUP PHOSPHORITE, LLC, | |
|     Consolidated Plaintiff and Consolidated Plaintiff-Intervenor, | Before: Jane A. Restani, Judge |
| v. | Consol. Court No. 21-00117 |
| UNITED STATES, | |
|     Defendant, | |
| THE MOSAIC COMPANY, | |
|     Consolidated Defendant-Intervenor, | |
| PHOSAGRO PSJC, JSC APATIT, INDUSTRIAL GROUP PHOSPHORITE, LLC, | |
|     Defendant-Intervenors | |

## OPINION

[Commerce's Final Results of Redetermination Pursuant to Court Remand in the countervailing duty investigation of phosphate fertilizers from the Russian Federation are sustained.]

Dated: January 19, 2024

David J. Ross, Wilmer, Cutler, Pickering, Hale & Dorr, LLP, of Washington, DC, for plaintiff The Mosaic Company. With him on the brief were Stephanie E. Hartmann, Alexandra S. Maurer, and Natan P.L. Tubman.

Ebonie I. Branch, Trial Attorney, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for the defendant. With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and L. Misha Preheim, Assistant Director. Of counsel on the brief was Jared M. Cynamon, Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Jonathan T. Stoel, Hogan Lovells US LLP, of Washington, DC, for Defendant-Intervenors PhosAgro PJSC and JSC Apatit. With him on the brief were Cayla D. Ebert, H. Deen Kaplan, Jared Wessel, and Maria A. Arboleda.

Jeremy W. Dutra, Squire Patton Boggs (US) LLP, of Washington, DC, for Defendant-Intervenor Industrial Group Phosphorite, LLC. With him on the brief was Peter J. Koenig.

      Restani, Judge: Before the court are the United States Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, ECF No. 128 (Oct. 11, 2023) ("Redetermination Results"), in the countervailing duty ("CVD") investigation of phosphate fertilizers from the Russian Federation ("Russia") covering the period from January 1, 2019, through December 31, 2019. The court most recently remanded in part to Commerce for further explanation of the record. See Mosaic Co. v. United States, 647 F. Supp. 3d 1358 (CIT 2023) ("Mosaic II").[1] Consolidated Plaintiff PhosAgro PJSC and JSC Apatit, cross-owned, (collectively, "PhosAgro") partially challenge the Redetermination Results as unsupported by substantial evidence or otherwise not in accordance with law. Plaintiff and Consolidated Defendant-Intervenor The Mosaic Company ("Mosaic"), as well as the United States

---

[1] See also Mosaic Co. v. United States, 589 F. Supp. 3d 1298 (CIT 2022) ("Mosaic I") (wherein the court sustained in part and remanded in part on separate grounds). In short, mining rights themselves could not be valued so as to determine whether a subsidy occurred. Commerce, therefore, substituted a cost-build up methodology to measure the value received to compare to a benchmark for adequate remuneration. Accordingly, at this stage, only the cost-methodology is at issue.

("Government"), ask that the court sustain Commerce's Redetermination Results. For the reasons below, Commerce's Redetermination Results are sustained.

## BACKGROUND

The court presumes familiarity with the facts as set out in Mosaic II, but briefly summarizes the relevant record evidence here for ease of reference. After Mosaic filed a CVD petition on June 26, 2020, concerning imports of phosphate fertilizers from Russia, Commerce initiated the investigation on July 23, 2020. Petitions for the Imposition of Countervailing Duties: Phosphate Fertilizers from Morocco and Russia, P.R. 1–8, C.R. 1–8 (June 26, 2020); Phosphate Fertilizers From the Kingdom of Morocco and the Russian Federation: Initiation of Countervailing Duty Investigations, 85 Fed. Reg. 44,505 (Dep't Commerce July 23, 2020). PhosAgro and Industrial Group Phosphorite, LLC ("EuroChem") were selected as mandatory respondents. See Countervailing Duty Investigation of Phosphate Fertilizers from Russia: Respondent Selection, P.R. 55, C.R. 23 (Aug. 4, 2020).

Commerce published its preliminary results on November 30, 2020, see Phosphate Fertilizers From the Russian Federation: Preliminary Affirmative Countervailing Duty Determination, 85 Fed. Reg. 76,524 (Dep't Commerce Nov. 30, 2020), along with the accompanying Decision Memorandum for the Affirmative Preliminary Determination of the Countervailing Duty Investigation of Phosphate Fertilizers from the Russian Federation, C-821-825, POR 1/1/2019-12/31/2019 (Dep't Commerce Nov. 23, 2020).

Commerce published its final determination on February 16, 2021. See Phosphate Fertilizers From the Kingdom of Morocco and the Russian Federation: Countervailing Duty Orders, 86 Fed. Reg. 18,037 (Dep't Commerce Apr. 7, 2021); see also Issues and Decision

Memorandum for the Final Affirmative Determination of the Countervailing Duty Investigation of Phosphate Fertilizers from the Russian Federation, C-821-825, POR 1/1/2019-12/31/2019 (Dep't Commerce Feb. 8, 2021) ("IDM").

In Mosaic II, the court sustained aspects of Commerce's analysis but ordered that on remand Commerce may: (1) explain why reconciling to PhosAgro's financial statements, as opposed to those of its subsidiary JSC Apatit, was sufficient and respond to Mosaic's objection or seek further information from the respondent; (2) explain why it found EuroChem's submission supported and respond to Mosaic's specific objections; and (3) consider PhosAgro's arguments and explain why it selected Profit Before Tax rather than Gross Profit for the profit ratio. Mosaic II, at 1369–71.

Pursuant to the court's order, Commerce issued supplemental questionnaires to the mandatory respondents. See Commerce Letter to PhosAgro PJSC Supp. Questionnaire, R.P.R. 1 (July 26, 2023); Commerce Letter to EuroChem Supplemental Questionnaire, R.P.R. 2 (July 26, 2023). In its response, JSC Apatit reconciled its financial statements to those of its parent company PhosAgro. Response from Hogan Lovells US LLP to Sec of Commerce Pertaining to JSC Apatit Second Supplemental Questionnaire Response, R.P.R. 6, R.C.R. 3 (Aug. 9, 2023). Similarly, EuroChem provided a fully translated version of its reported cost data. Response from Squire Patton Boggs (US) LLP to Sec of Commerce Pertaining to EuroChem Supplemental Questionnaire Response, R.P.R. 4, R.C.R. 1 (Aug. 1, 2023). Commerce found the figures provided in each respective response to be reliable. Redetermination Results at 7, 9. No party challenges Commerce's findings here; the court therefore affirms Commerce's Redetermination Results on these grounds.

Consol. Court No. 21-00117                                                                                      Page 5

The only remaining issue in this case is the methodology used by Commerce to calculate PhosAgro's phosphate mining rights benefit. The court remanded to Commerce to further explain why it chose profit before tax, rather than gross profit, in its profit ratio calculation.[2] Mosaic II, at 1371 ("Commerce did not proffer why Profit Before Tax was used in previous proceedings or explain why it produced an accurate result now."). Because Commerce has done so now, the court sustains Commerce's Redetermination Results.

## JURISDICTION & STANDARD OF REVIEW

The court's jurisdiction continues pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c). The court sustains Commerce's final redetermination results unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]" 19 U.S.C. § 1516a(a)(2)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." U.S. Steel Corp. v. United States, 219 F. Supp. 3d 1300, 1307 (CIT 2017) (internal quotations and citations omitted).

## DISCUSSION

According to PhosAgro, Commerce again erred by declining to use the company's gross profit figure in its profit ratio calculation, which it argues "more accurately reflects the commercial reality of [its] pricing process." Consol. Pls. PhosAgro PJSC and JSC Apatit Comments on the U.S. Department of Commerce's Second Final Results of Redetermination Pursuant to Court

---

[2] As explained in Mosaic II, "Commerce calculated the phosphate rock cost of production by dividing JSC Apatit's reported 'Cost of Production' of phosphate rock by the total amount of phosphate rock produced, resulting in a per unit cost amount." Mosaic II, at 1370. "Commerce then multiplied the per unit cost amount by a 'profit ratio,' which Commerce calculated by dividing 'Profit Before Tax' by the total cost of sales in the financial statements." Id. A gross profit calculation, by contrast, includes additional expenses such as administrative and selling expenses.

Remand at 2, ECF No. 133 (Nov. 13, 2023). It argues Commerce's chosen profit before tax calculation "leaves out important expenses and business considerations (e.g., administrative and selling expenses) from the profit comparison . . . ." Id. at 3. Alternatively, if Commerce persists in its chosen methodology, PhosAgro argues for the inclusion of additional expenses that "are necessary in order to ensure a reasonable comparison of the alleged benefit [it received]." Id. at 12. The Government supports Commerce's use of profit before tax and decision not to adjust for any additional expenses that "would compromise the profit ratio calculation and incorporate expenses unrelated to mining and beneficiation activities." Def.'s Resp. in Supp. of Remand Results at 19, ECF No. 142 (Dec. 13, 2023) ("Def. Resp.").

Commerce "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)). On remand, Commerce further explained its decision to use profit before tax here. As Commerce explains, profit before tax is narrower and helps to isolate costs for phosphate ore mining and beneficiation activities. Redetermination Results at 19–25. Conversely, using a gross profit calculation would include costs unrelated to the mining of phosphate ore such as selling and administrative expenses, taxes other than income taxes, and "other" expenses. Id. at 17.

PhosAgro has failed to demonstrate that including expenses broader than those involved in the mining and beneficiation of phosphate ore would bolster Commerce's goal to render an accurate profit ratio. The court concludes Commerce has adequately explained its action, and its

Consol. Court No. 21-00117 Page 7

determination is supported by substantial evidence. It therefore complied with the court's order in Mosaic II.

## CONCLUSION

For the foregoing reasons, Commerce's Redetermination Results are SUSTAINED. Judgment will enter accordingly.

/s/      Jane A. Restani      
Jane A. Restani. Judge

Dated: January 19, 2024
       New York, New York